UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE

| WENDI HENRY, | ) | |
|---|---|---|
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | Nos.: 3:10-CR-160-TAV-HBG-3 |
| | ) | 3:17-CV-146-TAV-HBG |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent. | ) | |

## MEMORANDUM OPINION

Petitioner Wendi Henry has filed a pro se motion to vacate, set aside, or correct her sentence under 28 U.S.C. § 2255 [Doc. 334].[1] The government has responded in opposition [Doc. 338]. Because, based on the record before the Court, it plainly appears that Petitioner is not entitled to relief, it is not necessary to hold an evidentiary hearing,[2] and her motion will be **DENIED**.

**I.      Background**

Petitioner worked at Breakthrough Pain Therapy Center ("Breakthrough"), a pain clinic that issued thousands of prescriptions for narcotics; it was eventually closed as a "pill mill" [Doc. 338]. After a jury trial in October 2013, Petitioner was found guilty of

---

[1] All docket citations refer to the criminal case, No. 3:10-CR-160-TAV-HBG-3.

[2] An evidentiary hearing is required on a § 2255 motion unless the motion, files, and record conclusively show that the prisoner is not entitled to relief. *See* 28 U.S.C. § 2255(b). It is the prisoner's ultimate burden to sustain her claims by a preponderance of the evidence. *See Pough v. United States*, 442 F.3d 959, 964 (6th Cir. 2006). Accordingly, where "the record conclusively shows that the petitioner is entitled to no relief," a hearing is not required. *Arredondo v. United States*, 178 F.3d 778, 782 (6th Cir. 1999) (citation omitted).

conspiracy to distribute and possession with intent to distribute oxycodone and other Schedule II and IV controlled substances, in violation of 21 U.S.C. §§ 846, 841(a)(1), 841(b)(1)(C), and 841(b)(2) [Doc. 185]. In calculating the estimated amount of drugs involved in the conspiracy, the investigating agent reviewed the sign-in sheets and prescription receipts to determine the number of patients over the course of the conspiracy [Sealed Doc. 224, ¶ 40]. The typical prescription during a visit was a 28-day prescription of 120 Roxycodone 30-milligram pills [*Id.*]. Multiplied together, Petitioner was held responsible for 50,871,600 milligrams of oxycodone which equates to 340,839.72 kilograms of marijuana [*Id.* ¶ 41]. The Presentence Investigation Report ("PSR") notes that this is a conservative estimate given that many of the 28-day prescriptions were in quantities of 120, 168, and 180 pills [*Id.* ¶ 40]. This quantity resulted in a base offense level of 38 [*Id.* ¶ 40]. After a two-level adjustment for her role in the offense, her total offense level was 40 which exceeded the 20-year statutory maximum, and her effective guidelines term of imprisonment became 240 months [*Id.* ¶ 77].

In 2014, this Court sentenced Petitioner to 216 months' imprisonment [Doc. 297], below the guidelines term. She appealed claiming, *inter alia*, unreasonable calculation of the drug quantity, and the Sixth Circuit affirmed her sentence, noting this Court did not err in sentencing given the conservative quantity estimate. *United States v. Kincaid*, 631 F. App'x 276, 285 (6th Cir. 2015). The Supreme Court denied *certiorari*. *Henry v. United States*, 136 S. Ct. 1690 (2016). Petitioner filed the present § 2255 motion [Doc. 334].

## II. Analysis

Petitioner raises four ineffective assistance of counsel claims in addition to challenging the length of her sentence. Pursuant to these claims, Petitioner files this collateral attack.

The Court must vacate, set aside, or correct a prisoner's sentence if it finds that "the judgment was rendered without jurisdiction, or that the sentence imposed was not authorized by law or otherwise open to collateral attack, or that there has been such a denial or infringement of the constitutional rights of the prisoner as to render the judgment vulnerable to collateral attack . . . ." 28 U.S.C. § 2255. To obtain relief under § 2255 because of a constitutional error, the error must be one of "constitutional magnitude which had a substantial and injurious effect or influence on the proceedings." *Watson v. United States*, 165 F.3d 486, 488 (6th Cir. 1999) (citing *Brecht v. Abrahamson*, 507 U.S. 619, 637 (1993)). A § 2255 petitioner has the burden of proving that she is entitled to relief by a preponderance of the evidence, *Pough v. United States*, 442 F.3d 959, 964 (6th Cir. 2006), and must clear a significantly higher hurdle than would exist on direct appeal. *United States v. Frady*, 456 U.S. 152, 153 (1982). For the reasons outlined below, none of Petitioner's claims justify relief.

### A. Ineffective Assistance of Counsel

Petitioner asserts a variety of ineffective assistance claims namely, failure to: (1) object that she was never on Breakthrough's payroll and clarify she only worked there for two months; (2) object to the drug quantity estimate procedure and result; (3) highlight lack

3

of witness identification; and (4) object to or correct testimony that he knew was false or misleading [Doc 334 p. 2-3].

Claims of ineffective assistance of counsel are cognizable under § 2255. *Massaro v. United States*, 538 U.S. 500, 508–09 (2003). The Sixth Amendment guarantees criminal defendants the right to "reasonably effective assistance" of counsel. *Strickland v. Washington*, 466 U.S. 668, 687 (1984). A petitioner alleging ineffective assistance of counsel must fulfill two criteria in either order. First, a petitioner must establish that her counsel's performance was deficient, that is, falling "below an objective standard of reasonableness . . . under prevailing professional norms." *Id.* at 688. Counsel is presumed to have provided effective assistance, and petitioner bears the burden of showing otherwise. *Mason v. Mitchell*, 320 F.3d 604, 616–17 (6th Cir. 2003); *see also Strickland*, 466 U.S. at 689.

Second, a petitioner must show that her attorney's deficient performance prejudiced her defense, in the sense that "but for [counsel's error,] the result of the proceedings would have been different." *Strickland*, 466 U.S. at 694. "An error by counsel, even if professionally unreasonable, does not warrant setting aside the judgment of a criminal proceeding if the error had no effect on the judgment." *Id.* at 691. If a petitioner fails to establish both deficiency and prejudice, the claim must be rejected. *Id.* at 697. Thus, "the inability to prove either one of the prongs – regardless of which one – relieves the court of any duty to consider the other." *Nichols v. United States*, 563 F.3d 240, 249 (6th Cir. 2009) (*en banc*). None of Petitioner's claims offer relief.

4

### 1. Employment at Breakthrough

Petitioner claims that defense counsel was ineffective for failing to object and offer evidence to show she only worked at Breakthrough for two months and was never on the payroll [Doc. 334 p. 2].[3] However, contrary to Petitioner's assertions, counsel did argue that she only worked at Breakthrough for a few months and, consequently, should not be held liable for the total drug quantity involved in the conspiracy in both the PSR objections [Doc. 287 p. 3] and in the sentencing memorandum [Sealed Doc. 291 p. 3]. In so doing, counsel stated that Petitioner was "employ[ed]" at Breakthrough and "stopped working" there after a few months, conceding her status as an employee [*Id.*]. Counsel is not ineffective for raising unsuccessful objections based on her length of employ. Petitioner fails to show deficient performance, and this claim is therefore rejected.

### 2. Drug Quantity Estimation

Petitioner claims that counsel was ineffective for failing to object to both the drug quantity estimation process and result, alleging it was impossible for her to be responsible for the total amount calculated and she should only be responsible for the time period in which she worked at Breakthrough [Doc. 334 p. 2-3]. Counsel made several objections to the PSR and in the sentencing memorandum to the quantity calculation and result, arguing a lesser amount should be attributed to Petitioner [Doc. 287 p. 3; Sealed Doc. 291 p. 1-3]. At the sentencing hearing, this Court found the government's calculation methodology to

---

[3] Petitioner argues for the first time in her reply to the government's response that she only worked for Breakthrough for eight days, contrary to her initial motion in which she stated she worked there for two months [Doc. 361 p. 3; Doc. 334 p. 2].

5

be a "conservative and appropriate" estimate of the total amount involved in the conspiracy [Doc. 303 p. 19]. "A drug quantity need only be established by a preponderance of the evidence, and an estimate will suffice so long as it errs on the side of caution and likely underestimates the quantity of drugs actually attributable to the defendant." *United States v. Anderson,* 526 F.3d 319, 326 (6th Cir.2008). The Sixth Circuit affirmed that this Court underestimated the quantity and did not err in sentencing. *Kincaid*, 631 F. App'x, at 285. Because counsel raised this issue both before the trial court and on appeal, Petitioner fails to prove deficient performance. This claim is therefore rejected.

### 3. Identifications at Trial

Petitioner alleges counsel was ineffective for failing to object and challenge that the "FBI agent" had not met and could not identify her at trial [Doc. 334 p. 3]. No FBI agents testified during the trial, and the government suggests Petitioner may be referring to the IRS Special Agent instead [Doc. 338 p. 5]. In Petitioner's reply, she states that she was not referring to the Special Agent but to two other witnesses, John Bryant and Agent Camp [Doc. 361 p. 3]. For the first time, Petitioner argues in reply that these witnesses lied to assist the government's case and counsel should have questioned them to highlight their allegedly brief or nonexistent interactions with her that could not lead to a proper identification [*Id.*]. However, Petitioner fails to explain how the explicit showing of government affiliation or affirmative identifications would have changed the outcome of the trial. Petitioner fails to prove prejudice, and this claim is therefore rejected.

6

### 4. Correction of Testimony

Petitioner claims ineffective assistance because counsel failed to object to, or otherwise correct, testimony he knew to be false or misleading [Doc. 334 9. 3]. In the initial motion, Petitioner makes no further clarifications or specifications as to particular testimony. In her reply, she restates, and incorporates by reference, her claims addressed *supra*, Parts II.A.1-2, claiming the failure to object to the length of her employment and resulting attributed drug amount which presumably led to misleading testimony [Doc. 361 p. 3]. Such a claim is repetitive, has been previously addressed, and is rejected.

### B. Length of Sentence

Petitioner disputes the length of her sentence as contrary to the Sentencing Reform Act of 1984, given her lack of violent or criminal history [Doc. 334 p. 3]. This claim is not cognizable on collateral review. Such an issue lacks constitutional significance and is not cognizable here absent extraordinary circumstances, which are neither alleged nor present here. *Grant v. United States*, 72 F.3d 503, 506 (6th Cir. 1996). Direct appeal is the "correct forum in which to raise sentencing questions." *United States v. Calderon*, No. 98-1336, 1999 WL 801587, at *3 (6th Cir. Sept. 27, 1999). Petitioner did raise this claim on direct appeal, and the Sixth Circuit affirmed. *Kincaid*, 631 F. App'x, at 285. Accordingly, Petitioner may not use the present motion to re-litigate the issue without "highly exceptional circumstances, such as an intervening change in the law," which are absent here. *Oliver v. United States,* 90 F.3d 177, 180 (6th Cir.1996); *DuPont v. United States,*

7

76 F.3d 108, 110–11 (6th Cir.1996). Even if cognizable, as discussed *supra*, Part II.A.2, her sentence was proper. Her claim is thus rejected.

### III. Conclusion

For the reasons explained above, Petitioner is not entitled to relief under 28 U.S.C. § 2255, and her motion to vacate, set aside or correct her sentence [Doc. 334, No. 3:10-CR-160-3; Doc. 1, No. 3:17-CV-146] will be **DENIED**, and this action will be **DISMISSED**. The Court will **CERTIFY** that any appeal from this action would not be taken in good faith and would be totally frivolous. Therefore, this Court will **DENY** Petitioner leave to proceed *in forma pauperis* on appeal. *See* Fed. R. App. P. 24. Moreover, because Petitioner has not made a substantial showing of the denial of a constitutional right and jurists of reason would not dispute the above conclusions, *Slack v. McDaniel*, 529 U.S. 473, 484 (2000), a certificate of appealability **SHALL NOT ISSUE**. 28 U.S.C. § 2253; Fed. R. App. P. 22(b). A separate judgment will enter **DENYING** the motion [Doc. 334, No. 3:10-CR-160-3; Doc. 1, No. 3:17-CV-146].

ENTER:

s/ Thomas A. Varlan
UNITED STATES DISTRICT JUDGE